# EXHIBIT A

Filing # 84942216 E-Filed 02/14/2019 02:35:35 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.   CASE STYLE**

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT,
IN AND FOR BAY COUNTY, FLORIDA

Case No.: _____
Judge: _____

BRUCE WILSON
Plaintiff

vs.

GULF WORLD MARINE PARK INC
Defendant

**II.  TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐  No ☒

**III.  REMEDIES SOUGHT** (check all that apply):
- ☒ Monetary;
- ☐ Non-monetary declaratory or injunctive relief;
- ☐ Punitive

**IV.  NUMBER OF CAUSES OF ACTION: (   )**
(Specify)

1

**V.  IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐ Yes
- ☒ No

**VI.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

**VII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒ Yes
- ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ Noah E. Storch     FL Bar No.: 85476
Attorney or party                                (Bar number, if attorney)

Noah E. Storch     02/14/2019
(Type or print name)                              Date

IN THE CIRCUIT COURT FOR THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR BAY COUNTY, FLORIDA

BRUCE WILSON,   CASE NO.:   19000359CA

    Plaintiff,

v.

GULF WORLD MARINE PARK, INC.,
a Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, BRUCE WILSON ("Plaintiff" or "MR. Wilson"), by and through undersigned counsel, files this Complaint against Defendant, GULF WORLD MARINE PARK, INC. ("Defendant" or "GW"), and states as follows:

### NATURE OF THE SUIT

1. This action is brought under the Fair Labor Standards Act ("FLSA") to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

### PARTIES, JURISDICTION, AND VENUE

2. Plaintiff was a non-exempt employee who primarily performed maintenance and general labor functions for Defendant.

3. Defendant is a Florida Profit Corporation located in Bay County, Florida, and who, at all times relevant, operated a business in Bay County, Florida.

4. Jurisdiction and Venue are proper in this Court, as the actions giving rise to this lawsuit arise out under federal law, and occurred in Bay County, Florida.

1

5. Plaintiff is seeking in excess of $15,000.00, inclusive of attorneys' fees and costs.

## FLSA COVERAGE

6. At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

7. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

8. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

9. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

10. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as medical and office equipment.

11. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant in that Defendant could not operate its business without clerical employees like Plaintiff.

## FACTUAL ALLEGATIONS

12. Plaintiff worked for Defendant as an hourly paid non-exempt employee from February 16, 2017, through September 24, 2018.

13. Throughout Plaintiff's employment Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

2

14.     Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during the relevant limitations period.

15.     Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA throughout his employment.

16.     Defendant violated Title 29 U.S.C. §207 in that:

(a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

(b) No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendant failed to maintain proper time records as mandated by the FLSA.

17.     Prior to the filing of this lawsuit, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

18.     Prior to the filing of this lawsuit, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

19.     Prior to the filing of this lawsuit, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

20. Based on the allegations in Paragraphs 17-19 above, Plaintiff is entitled to liquidated damages as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

21. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

22. Plaintiff reincorporates and re-alleges paragraphs 1 through 21 as though set forth fully herein and further alleges as follows:

23. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

24. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time and one half compensation for all hours worked.

25. Plaintiff is not an exempt employee as defined by the FLSA.

26. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

27. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

   a. Declare, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

   b. Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

   c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

   d. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

   e. Award Plaintiff pre-judgment interest; and ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 14th day of February 2019.

Respectfully Submitted,

By: **/s/ NOAH STORCH**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A
10368 W. State Road 84, Ste 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Attorneys for Plaintiff*

## IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
## IN AND FOR BAY COUNTY, FLORIDA

BRUCE WILSON,

Plaintiff,

v.

CASE NO.:   19000359CA

GULF WORLD MARINE PARK, INC.,
a Florida Profit Corporation,

Defendant.

_____/

## SUMMONS
## PERSONAL SERVICE
## ON A CORPORATION

TO:   **GULF WORLD MARINE PARK, INC.,**
      **c/o PAM GEORGE - REGISTERED AGENT**
      **15412 FRONT BEACH ROAD**
      **PANAMA CITY BEACH, FL 32413**

### IMPORTANT

A lawsuit has been filed against you. You have twenty (20) calendar days after this Summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff(s)/Plaintiff's Attorney" named below.

/s/ *NOAH E. STORCH*
Noah E. Storch, Esq.
Florida Bar No. 0085476

RICHARD CELLER LEGAL, P.A
10368 W. State Road 84, Ste 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

Si desea responder a su demanda por escrito por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, usted debe enviar por correo o entregar personal mente una copia de su respuesta a la personal denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandante o Abogado del Demandante).

/s/ *NOAH E. STORCH*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A
10368 W. State Road 84, Ste 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the above-named Defendant(s).

DATED ON  2/14/2019

BILL KINSAUL CLERK OF CIRCUIT COURT BAY COUNTY FLORIDA

CLERK OF THE CIRCUIT COURT
& COMPTROLLER, BAY COUNTY,
FLORIDA

By: _Jennifer Estrach_
Deputy Clerk

## REQUEST FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator by mail at P. O. Box 1089, Panama City, FL 32402 or by phone at (850) 747-5338 at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days. If you are hearing impaired, please call 711 or email ADARequest@jud14.flcourts.org."



# Bay County Receipt of Transaction
# Receipt # 2019008000

BILL KINSAUL
Clerk of Court
Bay County, Florida

STORCH, NOAH E
7450 GRIFFIN ROAD
SUITE 230
DAVIE, FL 33314

Cashiered by:  JESTRADA
On: 02/14/2019   2:20 pm
Transaction # 2179989

| CaseNumber | 19000359CA |
|---|---|

**Judge   MICHAEL C OVERSTREET**

**BRUCE WILSON   VS   GULF WORLD MARINE PARK INC**

Comments:

| Fee Description | Fee | Prior Paid | Waived | Due | Paid | Balance |
|---|---|---|---|---|---|---|
| (VOCF) CIVIL-OTHER FILING FEES | 400.00 | 0.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| (VSUM) CLERK TF/DOR SUMMONS | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| Total | 410.00 | 0.00 | 0.00 | 410.00 | 410.00 | 0.00 |
| Grand Total | 410.00 | 0.00 | 0.00 | 410.00 | 410.00 | 0.00 |

**PAYMENTS**

| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|---|
| EFILE | 23900558 | OK | 410.00 | 0.00 | 0.00 | 0.00 | 410.00 |
| | | | 410.00 | 0.00 | 0.00 | 0.00 | 410.00 |

## RETURN OF SERVICE

**State of Florida**       County of Bay      Circuit Court

Case Number: 19000359CA

Plaintiff:
**BRUCE WILSON**

vs.

Defendant:
**GULF WORLD MARINE PARK, INC. A FLORIDA PROFIT CORPORATION**

For:
Noah E. Storch
RICHARD CELLER LEGAL, P.A.
7450 Griffin Rd., Ste 230
Davie, FL 33314

Received by TROPICAL SURVEILLANCE AND INVESTIGATIONS on the 15th day of February, 2019 at 12:26 pm to be served on **GULF WORLD MARINE PARK, INC. C/O PAM GEORGE, R.A., 15412 FRONT BEACH ROAD, PANAMA CITY BEACH, FL 32413**.

I, Thomas Dinse, do hereby affirm that on the **22nd day of February, 2019** at **1:33 pm**, I:

served a **CORPORATION** by delivering a true copy of the **Summons Personal Service On A Corporation, Civil Cover Sheet and Complaint and Demand for Jury Trial** with the date and hour of service endorsed thereon by me, to: **Sabrina Short** as **Operations Manager** for GULF WORLD MARINE PARK, INC., at the address of: **15412 FRONT BEACH ROAD, PANAMA CITY BEACH, FL 32413**, and informed said person of the contents therein, in compliance with state statutes. Actual service location: (30.2110,-85.8675) accuracy 6 m.

**Description** of Person Served: Age: 27, Sex: F, Race/Skin Color: White, Height: 5'7", Weight: 150, Hair: Dark Brown, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Thomas Dinse
028

TROPICAL SURVEILLANCE AND
INVESTIGATIONS
P.O. BOX 173019
TAMPA, FL 33672
(888) 835-1522

Our Job Serial Number: TPL-2019031356
Ref: Wilson, Bruce v. Gulf World Marine Park

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.0i