UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**CASE NO. 5:19-cv-00071-MCR-MJF**

BRUCE WILSON,

    Plaintiff,

v.

GULF WORLD MARINE PARK, INC.,

    Defendant.

_____/

**DEFENDANT GULF WORLD MARINE PARK, INC.'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Gulf World Marine Park, Inc. ("Defendant"), by and through its counsel, hereby files its Answer, Defenses, and Affirmative Defenses responding, by corresponding numbers, to each of the numbered paragraphs of the Complaint filed by Plaintiff Bruce Wilson ("Plaintiff").

**NATURE OF THE SUIT**

1.    Defendant acknowledges that Plaintiff purports to bring a cause of action under the Fair Labor Standards Act ("FLSA") to recover overtime compensation, liquidated damages, and reasonable attorneys' fees and costs, but denies that Defendant has committed any act for which it is liable, and further denies that Plaintiff is entitled to any relief whatsoever.

**PARTIES, JURISDICTION, AND VENUE**

2.    Defendant denies the allegations set forth in Paragraph 2 of the Complaint.

3.    Defendant admits the allegations set forth in Paragraph 3 of the Complaint.

4. The allegations set forth in Paragraph 4 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Defendant denies those and all remaining allegations.

5. Defendant acknowledges that Plaintiff is seeking in excess of $15,000.00, inclusive of attorney's fees and costs, but denies that Plaintiff is so entitled.

## FLSA COVERAGE

6. The allegations set forth in Paragraph 6 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Defendant denies those and all remaining allegations.

7. The allegations set forth in Paragraph 7 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Defendant denies those and all remaining allegations.

8. The allegations set forth in Paragraph 8 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Defendant denies those and all remaining allegations.

9. The allegations set forth in Paragraph 9 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Defendant denies those and all remaining allegations.

10. Defendant denies the allegations set forth in Paragraph 10 of the Complaint as stated.

11. Defendant denies the allegations set forth in Paragraph 11 of the Complaint.

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR. | SUITE 800 | CORAL GABLES, FL 33134 | T 305.740.1975 | WWW.LEONCOSGROVE.COM
2

## FACTUAL ALLEGATIONS

12.     Defendant admits that Plaintiff worked as an hourly paid employee from February 16, 2017 through September 20, 2018.  Defendant denies the remaining allegations set forth in Paragraph 12 of the Complaint.

13.     Defendant denies the allegations set forth in Paragraph 13 of the Complaint.

14.     Defendant denies that Plaintiff was entitled to full and proper overtime compensation for all hours worked over forty (40) per week.

15.     Defendant denies the allegations set forth in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations set forth in Paragraph 16 of the Complaint, including subparts (a)-(c).

17.     Defendant denies the allegations set forth in Paragraph 17 of the Complaint as stated.

18.     Defendant admits the allegations set forth in Paragraph 18 of the Complaint.

19.     Defendant admits the allegations set forth in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

21.     Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 21 of the Complaint, and therefore denies those allegations.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION

22.     Defendant re-alleges and incorporates by reference each of its responses to Paragraphs 1 through 21 of the Complaint with the same force and effect as though fully set forth herein.

23. Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

24. Defendant denies the allegations set forth in Paragraph 24 of the Complaint.

25. The allegations set forth in Paragraph 25 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Defendant denies those and all remaining allegations.

26. Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

27. Defendant denies the allegations set forth in Paragraph 27 of the Complaint.

To the extent the unnumbered "WHEREFORE" clause immediately following Paragraph 27 of the Complaint requires a response, Defendant acknowledges that Plaintiff seeks the relief requested in subparts (a)-(e), but denies that Plaintiff is entitled to any of the relief requested and further denies that Plaintiff is entitled to any relief whatsoever from Defendant.

## GENERAL DENIAL

Defendant denies each and every allegation of fact, conclusion of law, or other matter contained in the Complaint that has not been expressly admitted herein.

## AFFIRMATIVE DEFENSES AND DEFENSES

1. Plaintiff is exempt from overtime compensation as an employee of a seasonal recreational or amusement establishment under Section 213(a)(3) of the FLSA. *See* 29 U.S.C. § 213(a)(3). Section 213(a)(3) provides an exemption from the minimum wage and overtime provisions of the FLSA for "any employee employed by an establishment which is an amusement or recreational establishment . . . if . . . (B) during the preceding calendar year, its average receipts for any six months

of such year were not more than 33 1/3 per centum of its average receipts for the other six months of such year."

2. Defendant denies any liability under or within the meaning of the FLSA as regards overtime compensation. However, to the extent that the Court may determine that Defendant is liable under the statute, Plaintiff's claims are, nonetheless, barred by the provisions of the Portal-to-Portal Act, 29 U.S.C. § 260, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

3. This action is barred because any "omission [of overtime payments] complained of was in good faith in conformity with and in reliance on any administrative regulation, order, ruling, approval, or interpretation, of any agency of the United States, or any administrative practice or enforcement policy of any such agency with respect to the class of employers to which [Defendant] belong[s]," in accordance with the Portal-to-Portal Act, 29 U.S.C. § 258.

4. This action is barred to the extent Plaintiff seeks recovery for time that is not compensable time, i.e. "hours worked" under the FLSA.

5. Plaintiff's action is barred because he seeks to recover for time that is *de minimus* work time and thus not compensable under the FLSA.

6. Defendant asserts that any claim for overtime compensation by Plaintiff must be offset by any premium compensation, overpayments, bonuses, advances, commission or other job-related benefits paid or provided to Plaintiff, including a reduction for any compensation already paid to Plaintiff for periods not compensable under the FLSA.

7. Plaintiff is not entitled to punitive/liquidated damages as Defendant did not act or fail to act in a manner sufficient to give rise to punitive/liquidated damages liability.

8. Defendant reserves the right to assert additional defenses and affirmative defenses and to amend its response as further facts are revealed through its investigation.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's case with prejudice, enter judgment against Plaintiff, and award Defendant its reasonable attorneys' fees and costs for having to defend this case.

Dated: March 21, 2019                                Respectfully Submitted,

By: *s/ Tiffany L. Anderson*
Tiffany L. Anderson, Esq.
Florida Bar No. 83995
LEÓN COSGROVE, LLP
255 Alhambra Circle, Suite 800
Coral Gables, FL 33134
Telephone: (305) 740-1987
Facsimile:  (305) 437-8158
Email: tanderson@leoncosgrove.com
Email: cmanzano@leoncosgrove.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 21, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which in turn will serve a copy by electronic mail to the following:

Noah E. Storch
Richard Celler Legal, P.A.
10368 W. State Road 84, Suite 103
Davie, FL 33324
Email: noah@floridaovertimelawyer.com

*s/ Tiffany L. Anderson*
Tiffany L. Anderson