UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**BRUCE WILSON**,

    Plaintiff,

v.                              CASE NO. 5:19cv71-MCR-MJF

**GULF WORLD MARINE PARK INC.**

    Defendant.
_____/

## **ORDER**

Plaintiff Bruce Wilson filed suit against Defendant Gulf World Marine Park, Inc. ("Gulf World") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* The parties have since filed a Joint Motion for Approval of Settlement ("Joint Motion"), asking the Court to approve their settlement agreement ("Agreement") and dismiss the case with prejudice. *See* ECF No. 18. Attached to their Joint Motion, the parties filed a copy of the Agreement, ECF No. 18-1. For the reasons discussed below, the Court defers ruling on the Agreement until the parties supplement the record with the requested information.

"Congress made the FLSA's provisions mandatory; thus the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). The Eleventh Circuit explained in *Lynn's Food Stores* that claims for back-wages under

the FLSA may be settled or compromised only when the Department of Labor supervises the payment of back-wages or when the court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. More precisely, courts must determine whether a compromise of a FLSA claim for wages represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.

In a comprehensive review of *Lynn's Food Stores* and the principles underlying the FLSA, the Middle District of Florida described this inquiry as involving both internal and external factors. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241–43 (M.D. Fla. 2010). The internal factors include whether (1) the compromise is fair and reasonable to the employee; (2) the compromise resolves a *bona fide* dispute; (3) a confidentiality provision contravenes FLSA policy; (4) the compromise involves a prospective waiver of FLSA rights; and (5) the compromise awards reasonable attorneys' fees. *See id.* The external factors include whether the compromise otherwise frustrates the implementation of the FLSA, requiring the court to consider matters such as whether other employees are similarly situated or whether either the employer or the industry has a history of noncompliance. *Id.* at 1243–44. Additionally, in deciding the reasonableness of a compromise, the stage of the proceedings and amount of discovery completed must be considered, as well as the complexity of the claim, probable success on the claim, the range of possible recovery, and the opinions of counsel. *See id.* at 1241.

Wilson alleges that he worked for Gulf World from February 16, 2017 to September 24, 2018.[1] Wilson also alleges that Gulf World failed to pay overtime for each hour he worked over forty hours per week as required by the FLSA, and that he regularly worked more than forty hours per week during his time with the company. He seeks payment for unpaid overtime wages, liquidated damages, and attorney's fees. Gulf World disputes Wilson's claims and denies liability. The parties represent that, to avoid the risks of litigation, they have compromised and reached a reasonable and fair resolution of Wilson's FLSA claims. Specifically, the Agreement provides that Gulf World will pay Wilson $1,325 in unpaid wages, $1,325 in liquidated damages, and $1,750 in attorney's fees and costs, which were separately negotiated. In exchange, Wilson agrees to release Gulf World from all FLSA claims asserted in the instant action.

Having reviewed the matter, the Court finds the Agreement fair in many respects. It resolves a *bona fide* dispute, it does not prospectively waive FLSA rights, its release is appropriately limited to wage claims that could have been brought in this suit, there is no confidentiality provision, and there is no waiver of future employment. However, neither the Joint Motion nor the Agreement provides any factual basis for the Court to evaluate the fairness of the compromise. There are no

---

[1] It is alleged that Wilson "performed maintenance and general labor functions for [Gulf World]." ECF No. 1-1 at 4.

calculations showing Wilson's estimation of the hours he worked for which he believes he was not paid, his regular rate of pay, or how the compromised amount was reached, nor has either party represented that the particular calculations would be too difficult to estimate given the circumstances. The Court cannot determine whether a fair resolution has been achieved without more information from counsel.

Although the Court values counsel's opinions and is willing to promote the policy of encouraging settlement of FLSA litigation, the Court is equally mindful of its duty to "scrutiniz[e] the settlement for fairness." *Lynn's Food Stores*, 679 F.2d at 1353. This duty cannot be carried out in the absence of particulars without risking unfairness to the Plaintiff. *See generally Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 ("*Lynn's Food* requires more than a 'rubber stamp' of an FLSA compromise; the district court must assure the 'fairness' of the proposed compromise."). Therefore, the parties must supplement the record with an explanation of the deficiencies noted above, to enable the Court to complete its fairness review.[2]

Accordingly, the Court will **DEFER** ruling on the Joint Motion for Approval of Settlement, ECF No. 18, until the parties supplement the record to satisfy the

---

[2] The Court will conduct its full review of the Agreement after the parties supplement the record.

concerns outlined above. Supplemental materials are due within fourteen (14) days of this Order.

**DONE and ORDERED** this 16th day of October, 2019.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

CASE NO. 5:19cv71-MCR-MJF